Aaron L. KATZ, Plaintiff and Appellant,

v.

The BANK OF CALIFORNIA, National Trust and Savings Association, Defendant and Appellee.

No. 78–1727.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 10, 1980.

Decided March 12, 1981.

---

Aaron L. Katz, Dawson, Maino, Chapman, Mattern, Bishop, Katz & Kellenberger, Campbell, Cal., for plaintiff and appellant.

Bernard W. Schmidt, San Jose, Cal., for defendant and appellee.

Before HUG and TANG, Circuit Judges, and MURRAY,* District Judge.

TANG, Circuit Judge:

The parties here argue whether the one-year period of limitations contained in both the Truth in Lending Act, 15 U.S.C. section 1640(e), and the Real Estate Settlement Procedures Act, 12 U.S.C. section 2614, commences on the date the credit contract is executed, see *Wachtel v. West*, 476 F.2d 1062 (6th Cir.), *cert. denied*, 414 U.S. 874, 94 S.Ct. 161, 38 L.Ed.2d 114 (1973), or at the time the plaintiff discovered, or should have discovered, the acts constituting the violation. See *NLRB v. Don Burgess Construction Corp.*, 596 F.2d 378 (9th Cir.), *cert. denied*, 444 U.S. 940, 100 S.Ct. 293, 62 L.Ed.2d 306 (1979) (applying general rule for commencement of federal periods of limitations).[1] We need not reach this issue because even applying the more expansive "discovery" rule, the district properly dismissed Katz' complaint.

■ Mr. Katz alleged that in September 1975 he and his wife agreed to borrow $55,000 at 9½% interest, but that due to Mrs. Katz' status as a bank employee, the Katzes annual percentage rate would be 8½%, the rate listed on the Bank's Truth in Lending disclosure statement. Mr. Katz alleged that the Bank violated these statutes by failing to disclose before execution of the mortgage agreement that this "employee letter rate" of 8½% would be raised to 9½% if the property ceased to be Mrs. Katz' permanent residence. The bank, however, clearly disclosed to Mr. Katz the existence of the employee's permanent residency condition in a letter dated October 20, 1975, more than one year before Mr. Katz filed his complaint.[2] Mr. Katz argues that he regarded this letter merely as an attempt to modify an existing contract.[3] Yet even if Mr. Katz did not know of the alleged Truth in Lending violation on October 20, 1975, the letter made him aware of the *acts* constituting the violation, *i. e.*, Mr. Katz had actual knowledge of the allegedly nondisclosed term. We hold, therefore, that the period of limitations commenced no later than October 20, 1975, the date of actual disclosure.

■ Katz' alternative argument, that nondisclosure was a "continuing" violation, must also be rejected. Even if a continuing violation theory is viable, the Bank's actual disclosure of the previously undisclosed term commenced the running of the period of limitations. *Cf. Postow v. OBA Federal Bank*, 627 F.2d 1370, 1379–80 (D.C. Cir. 1980) (violation continues up to point of actual disclosure).

■ Finally, Katz argues that the district court erred in treating the Bank's motion to dismiss as one for summary judgment. The

---

* Honorable William D. Murray, United States Senior District Judge for the District of Montana, sitting by designation.

1. Our discussion of § 1640(e) applies with equal force to Katz' claim brought under the Real Estate Settlement Procedures Act and its limitations provision, 12 U.S.C. § 2614, because the relevant language of the § 2614 and § 1640(e) provisions is nearly identical, and, the purpose of the two Acts are the same. See *Vega v. First Federal Savings & Loan Ass'n*, 622 F.2d 918 (6th Cir. 1980).

2. The affidavits of both Mr. Katz and Mrs. Katz show that Mr. Katz had actual knowledge of the October 20 letter. They contradict Katz' disingenuous assertion in his reply brief that it is a disputed fact whether he received and read the October 20 letter. His "proposed modification" theory also contradicts this statement.

3. Nor would it do Katz any good to prove that the October 20 letter was in fact a proposed modification of an existing credit contract. If permanent residency condition was not part of the original contract, then the Bank breached no law in failing to disclose it.

requirement that a district court treat a motion to dismiss as one for summary judgment applies where the motion to dismiss is brought pursuant to Federal Rules of Civil Procedure section 12(b)(6) and not rule 12(b)(1), which is the rule the Bank invoked to dismiss Katz' second, third, and fourth causes of action. In any event, even if the district court was required to treat the matter as a motion for summary judgment, Katz was afforded the notice required by Federal Rules of Civil Procedure section 56, and was allowed to respond by way of affidavit.

The judgment of the district court is affirmed.