Larry MEYER; Virginia Badalamente
Meyer, Plaintiffs–Appellants,

v.

AMERIQUEST MORTGAGE COMPA-
NY, a Delaware corporation, De-
fendant–Appellee.

No. 01–15970.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 10, 2003.

Filed June 9, 2003.

Jeff Pollack, Law Offices of Robert A.
Goldstein, Oakland, CA, for the plaintiffs-
appellants.

Adam J. Bass, Rachael H. Berman and
David Sturgeon–Garcia, Buchalter, Nemer,
Fields & Younger, San Francisco, CA, for
the defendant-appellee.

Before NOONAN, McKEOWN, and
RAWLINSON, Circuit Judges.

## OPINION

NOONAN, Circuit Judge.

Larry and Virginia Badalamente Meyer
(the Meyers) appeal the judgment of the
district court in favor of Ameriquest Mort-
gage Company (Ameriquest). The Meyers
brought suit against Ameriquest for viola-
tion of the Truth in Lending Act, 15 U.S.C.
§ 1601 et seq. (TiLA). The district court
granted summary judgment to Ameri-
quest. Holding that the statute of limita-
tions has run on the Meyers' claim, we
affirm the district court.

### FACTS

On February 19, 1999, the Meyers ap-
plied to Ameriquest for a loan in the
amount of $360,000 to be secured by their
residence in San Jose, California. On
February 22, 1999, Gina Galli, a loan offi-
cer for Ameriquest, brought loan docu-
ments to the Meyers' house for signing.
Among the documents the Meyers signed
was a Right to Cancel Form, which read:

You are entering into a transaction that will result in a security interest (lien) on your home. You have a legal right under federal law to cancel this transaction, without cost, within THREE BUSINESS DAYS from whichever of the following events occurs last:

(1) The date of the transaction, which is 2/22/99; or

(2) The date you received your Truth in Lending disclosures; or

(3) The date you received this notice of your right to cancel.

The form also states, "[i]f you cancel by mail or telegram, you must send the notice no later than midnight of 2/25/99 (or midnight of the third business day following the latest of the three events listed above)." Both of the dates listed were handwritten in by the loan officer. The Notice of Right to Cancel form follows the model form in the Official Commentary to Regulation Z, 12 C.F.R. § 226.1 et seq.

The Meyers also signed Ameriquest's Acknowledgment of Conditional Loan Consummation Form, stating that the Meyers understood and acknowledged they had executed a binding loan document and that Ameriquest's funding obligations were conditioned upon a satisfactory review. In addition, the Meyers signed an Important Notice to Borrowers, stating that they had read the loan documents and understood the transaction. The Meyers do not allege they did not receive copies of all the documents required under TiLA.

Ameriquest disbursed the loan proceeds to the Meyers on March 1, 1999. On May 22, 2000, some fifteen months later, the Meyers demanded rescission of the loan.

## PROCEEDINGS

On June 21, 2000, the Meyers filed suit, alleging violations of TiLA because Ameriquest included conditions precedent in the loan documents, and they assert that no consummation for the purposes of TiLA occurred until those conditions precedent had been satisfied. They claimed the Right to Cancel Notice had therefore been incorrectly dated, allowing them a three-year period to rescind the loan. They sought rescission of the loan, damages for slander of title, civil penalties and attorney's fees and costs.

The Meyers filed a Supplemental Complaint on February 21, 2001, after they had sold their home in December of 2000 and paid off the loan. They now seek damages under TiLA, 15 U.S.C. § 1640(a)(1) (borrower's right to damages arising from a violation of TiLA requirements). The Meyers claimed damages in the amount of $89,378.42, representing the amount they allege they overpaid when they paid off the loan.

The district court granted Ameriquest's motion for summary judgment. The Meyers appeal.

## ANALYSIS

 Once the Meyers sold their home, took control of the loan proceeds and paid off the loan, the TiLA rescission provision no longer applied and only the damages provision remained as a cause of action. *See* 12 C.F.R. § 226.23(a)(3) (right to rescind expires when property is sold). As a threshold matter, we must decide whether the one-year limitation period in 15 U.S.C. § 1640(e) has run on the Meyers' claim. We may affirm on any ground fairly presented by the record. *Fosson v. Palace (Waterland) Ltd.*, 78 F.3d 1448, 1452 (9th Cir.1996).

There is some debate on whether the period of limitations commences on the date the credit contract is executed, *see Wachtel v. West*, 476 F.2d 1062, 1065 (6th Cir.1973), or at the time the plaintiff discovered, or should have discovered, the acts constituting the violation, *see NLRB v. Don Burgess Construction Corp.*, 596

F.2d 378, 382 (9th Cir.1979). But we need not decide this question here, because even under the more expansive *Don Burgess* rule, the one-year period has run. *See Katz v. Bank of California,* 640 F.2d 1024, 1025 (9th Cir.1981).

■ The failure to make the required disclosures occurred, if at all, at the time the loan documents were signed. The Meyers were in full possession of all information relevant to the discovery of a TiLA violation and a § 1640(a) damages claim on the day the loan papers were signed. The Meyers have produced no evidence of undisclosed credit terms, or of fraudulent concealment or other action on the part of Ameriquest that prevented the Meyers from discovering their claim. In the exercise of reasonable diligence the Meyers should have discovered by February 22, 1999, the acts constituting the alleged violation. *Don Burgess,* 596 F.2d at 382. The limitation period has run on their claim.

For the foregoing reason, the judgment of the district court is AFFIRMED.