Larry MEYER; Virginia Badalamente Meyer, Plaintiffs–Appellants,

v.

AMERIQUEST MORTGAGE COMPANY, a Delaware corporation, Defendant–Appellee.

No. 01–15970.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 10, 2003.

Filed June 9, 2003.

Amended Sept. 5, 2003.

Jeff Pollack, Law Offices of Robert A. Goldstein, Oakland, CA, for the plaintiffs-appellants.

David Sturgeon–Garcia, Buchalter, Nemer, Fields & Younger, San Francisco, CA, for the defendant-appellee.

Before NOONAN, McKEOWN, and RAWLINSON, Circuit Judges.

## ORDER

The opinion filed on June 9, 2003 is amended as follows:

At slip op. p. 7821, insert the following before the last paragraph beginning with "For the foregoing reason . . .":

In a petition for rehearing, the Meyers cite *Hefferman v. Bitton*, 882 F.2d 379 (9th Cir.1989). In that case Heffer-man borrowed money to buy a condominium and received the TiLA notices on September 24, 1984. *Id.* at 380. On February 27, 1986, she contracted to sell the condominium. *Id.* On April 25, 1986, she sought rescission pursuant to TiLA. *Id.* On April 30, 1986, the sale was completed. *Id.* We held that "the sale" which bars rescission occurred with execution of the contract to sell on February 27, 1986. *Id.* at 384. That holding is unexceptional in the context of the case where the court dwelt on the difficulty of using a later date. *Id.* In a dictum the court observed, "Even if § 1635(f) were interpreted to refer only to the time at which a consumer must notify a lender of his intention to rescind, a proposition that we need not decide, we hold that Hefferman should have sent the notice before contracting to sell her property." *Id.* at 383–84. This unnecessary statement by the court is not a holding that, if an actual sale occurs, notice of rescission before the completion of the sale will be valid. The regulation is clear: the right to rescind ends with the sale. "If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first." 12 CFR § 226.23(a)(3).

The Meyers also drew our attention to *Semar v. Platte Valley Fed. Sav. & Loan Ass'n*, 791 F.2d 699 (9th Cir.1986). On July 16, 1982, the Semars borrowed on their house and received the TiLA notices. *Id.* at 704. On February 15, 1984, they sent a notice of rescission. *Id.* at 702. In October 1984, they entered bankruptcy and their home was sold early in 1985 and the proceeds paid into an escrow account by court order.

*Id.* Because the lender had violated TiLA, the Semars had three years from July 16, 1982 in which to rescind. *Id.* at 702, 704. Their notice was within this period and was valid. No one argued that the sale terminated the right, and the court did not pass on this point. The proceeds of the sale were in the control of the court, so no one was hurt by the sale. *Semar* is not a precedent for the Meyers.

With this amendment, the panel has voted unanimously to deny the petition for rehearing. Judges McKeown and Rawlinson have voted to deny the petition for rehearing en banc and Judge Noonan recommended denying the petition for rehearing en banc.

The full court has been advised of the petition for rehearing en banc, and no active judge has requested a vote whether to rehear the matter en banc. Fed. R.App. P. 35.

The petition for rehearing is DENIED and the petition for rehearing en banc is DENIED.

## OPINION

NOONAN, Circuit Judge.

Larry and Virginia Badalamente Meyer (the Meyers) appeal the judgment of the district court in favor of Ameriquest Mortgage Company (Ameriquest). The Meyers brought suit against Ameriquest for violation of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. (TiLA). The district court granted summary judgment to Ameriquest. Holding that the statute of limitations has run on the Meyers' claim, we affirm the district court.

## FACTS

On February 19, 1999, the Meyers applied to Ameriquest for a loan in the amount of $360,000 to be secured by their residence in San Jose, California. On February 22, 1999, Gina Galli, a loan officer for Ameriquest, brought loan documents to the Meyers' house for signing. Among the documents the Meyers signed was a Right to Cancel Form, which read:

You are entering into a transaction that will result in a security interest (lien) on your home. You have a legal right under federal law to cancel this transaction, without cost, within THREE BUSINESS DAYS from whichever of the following events occurs last:

(1) The date of the transaction, which is 2/22/99; or

(2) The date you received your Truth in Lending disclosures; or

(3) The date you received this notice of your right to cancel.

The form also states, "[i]f you cancel by mail or telegram, you must send the notice no later than midnight of 2/25/99 (or midnight of the third business day following the latest of the three events listed above)." Both of the dates listed were handwritten in by the loan officer. The Notice of Right to Cancel form follows the model form in the Official Commentary to Regulation Z, 12 C.F.R. § 226.1 et seq.

The Meyers also signed Ameriquest's Acknowledgment of Conditional Loan Consummation Form, stating that the Meyers understood and acknowledged they had executed a binding loan document and that Ameriquest's funding obligations were conditioned upon a satisfactory review. In addition, the Meyers signed an Important Notice to Borrowers, stating that they had read the loan documents and understood the transaction. The Meyers do not allege they did not receive copies of all the documents required under TiLA.

Ameriquest disbursed the loan proceeds to the Meyers on March 1, 1999. On May 22, 2000, some fifteen months later, the Meyers demanded rescission of the loan.

## PROCEEDINGS

On June 21, 2000, the Meyers filed suit, alleging violations of TiLA because Ameriquest included conditions precedent in the loan documents, and they assert that no consummation for the purposes of TiLA occurred until those conditions precedent had been satisfied. They claimed the Right to Cancel Notice had therefore been incorrectly dated, allowing them a three-year period to rescind the loan. They sought rescission of the loan, damages for slander of title, civil penalties and attorney's fees and costs.

The Meyers filed a Supplemental Complaint on February 21, 2001, after they had sold their home in December of 2000 and paid off the loan. They now seek damages under TiLA, 15 U.S.C. § 1640(a)(1) (borrower's right to damages arising from a violation of TiLA requirements). The Meyers claimed damages in the amount of $89,378.42, representing the amount they allege they overpaid when they paid off the loan.

The district court granted Ameriquest's motion for summary judgment. The Meyers appeal.

## ANALYSIS

■ Once the Meyers sold their home, took control of the loan proceeds and paid off the loan, the TiLA rescission provision no longer applied and only the damages provision remained as a cause of action. *See* 12 C.F.R. § 226.23(a)(3) (right to rescind expires when property is sold). As a threshold matter, we must decide whether the one-year limitation period in 15 U.S.C. § 1640(e) has run on the Meyers' claim. We may affirm on any ground fairly presented by the record. *Fosson v. Palace (Waterland) Ltd.,* 78 F.3d 1448, 1452(9th Cir.1996).

There is some debate on whether the period of limitations commences on the date the credit contract is executed, *see Wachtel v. West,* 476 F.2d 1062, 1065 (6th Cir.1973), or at the time the plaintiff discovered, or should have discovered, the acts constituting the violation, *see NLRB v. Don Burgess Construction Corp.,* 596 F.2d 378, 382 (9th Cir.1979). But we need not decide this question here, because even under the more expansive *Don Burgess* rule, the one-year period has run. *See Katz v. Bank of California,* 640 F.2d 1024, 1025(9th Cir.1981).

■ The failure to make the required disclosures occurred, if at all, at the time the loan documents were signed. The Meyers were in full possession of all information relevant to the discovery of a TiLA violation and a § 1640(a) damages claim on the day the loan papers were signed. The Meyers have produced no evidence of undisclosed credit terms, or of fraudulent concealment or other action on the part of Ameriquest that prevented the Meyers from discovering their claim.

In the exercise of reasonable diligence the Meyers should have discovered by February 22, 1999, the ·acts constituting the alleged violation. *Don Burgess,* 596 F.2d at 382. The limitation period has run on their claim.

In a petition for rehearing, the Meyers cite *Hefferman v. Bitton,* 882 F.2d 379 (9th Cir.1989). In that case Hefferman borrowed money to buy a condominium and received the TiLA notices on September 24, 1984. *Id.* at 380. On February 27, 1986, she contracted to sell the condominium. *Id.* On April 25, 1986, she sought rescission pursuant to TiLA. *Id.* On April 30, 1986, the sale was completed. *Id.* We held that "the sale" which bars rescission occurred with execution of the contract to sell on February 27, 1986. *Id.* at 384. That holding is unexceptional in the

context of the case where the court dwelt on the difficulty of using a later date. *Id.* In a dictum the court observed, "Even if § 1635(f) were interpreted to refer only to the time at which a consumer must notify a lender of his intention to rescind, a proposition that we need not decide, we hold that Hefferman should have sent the notice before contracting to sell her property." *Id.* at 383–84. This unnecessary statement by the court is not a holding that, if an actual sale occurs, notice of rescission before the completion of the sale will be valid. The regulation is clear: the right to rescind ends with the sale. "If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first." 12 CFR § 226.23(a)(3).

The Meyers also drew our attention to *Semar v. Platte Valley Fed. Sav. & Loan Ass'n,* 791 F.2d 699(9th Cir.1986). On July 16, 1982, the Semars borrowed on their house and received the TiLA notices. *Id.* at 707. On February 15, 1984, they sent a notice of rescission. *Id.* at 702. In October 1984, they entered bankruptcy and their home was sold early in 1985 and the proceeds paid into an escrow account by court order. *Id.* Because the lender had violated TiLA, the Semars had three years from July 16, 1982 in which to rescind. *Id.* at 702, 704. Their notice was within this period and was valid. No one argued that the sale terminated the right, and the court did not pass on this point. The proceeds of the sale were in the control of the court, so no one was hurt by the sale. *Semar* is not a precedent for the Meyers.

For the foregoing reason, the judgment of the district court is AFFIRMED.