* This panel unanimously finds this case suitable for decision without oral argument. *See*

district court's award of attorneys' fees, supported by the express language of the parties' agreement, was not an abuse of discretion.

AFFIRMED.

**Stephen H. MEADOW, individually and as Trustee of the Stephen H. Meadow and Mary E. Meadow 1981 Trust; et al., Plaintiffs–counter–defendants–Appellants,**

v.

**SUNTRUST BANK, a Georgia corporation, Defendant–counter–claimant–Appellee.**

No. 05–55631.

United States Court of Appeals, Ninth Circuit.

Submitted March 9, 2007.*

Filed March 21, 2007.

---

Fed. R.App. P. 34(a)(2).

Gary A. Freedman, Esq., Law Offices of Gary Freedman, Santa Monica, CA, Hunter R. Eley, Esq., Doll & Amir LLP, Los Angeles, CA, for Plaintiff–counter–defendant–Appellant.

Buchaler Nemer, PC, Los Angeles, CA, for Defendant–counter–claimant–Appellee.

Before: GOODWIN, BEEZER and TALLMAN, Circuit Judges.

## MEMORANDUM **

Plaintiffs Stephen H. Meadow ("Meadow") and Walford Investments, Inc. ("Walford"), appeal the district court's grant of summary judgment in favor of defendant SunTrust Bank ("SunTrust"). The district court granted summary judgment in favor of SunTrust on all claims, holding that (1) plaintiffs do not have standing to maintain their fraud claim and (2) SunTrust is entitled to relief on its breach of contract counterclaims. As part of the latter determination, the court determined that plaintiffs' affirmative defenses are without merit. We affirm.

Under California law, a shareholder does not have standing to bring a direct action for damages if the action is derivative, that is, on the corporation's behalf. *Schuster v. Gardner*, 127 Cal.App.4th 305, 25 Cal.Rptr.3d 468, 473 (2005). An action is derivative "if the gravamen of the complaint is injury to the corporation, or to the whole body of its stock or property." *Jones v. H.F. Ahmanson & Co.*, 1 Cal.3d 93, 81 Cal.Rptr. 592, 460 P.2d 464, 470 (1969) (internal quotation marks omitted).

The gravamen of plaintiffs' complaint in this case is injury to Teddi of California ("Teddi"), an apparel business that is currently in Chapter 7 bankruptcy proceedings. The district court correctly determined that plaintiffs lack standing to maintain their fraud claim because they seek to recover damages for losses that are "merely incidental to the alleged harm inflicted upon [a corporation]." *Schuster,*

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

25 Cal.Rptr.3d at 474 (internal quotation marks omitted).[1]

 Plaintiffs assert the same arguments on behalf of Teddi and point to the same facts to support their affirmative defenses against SunTrust's counterclaims. As the district court correctly concluded, plaintiffs lack standing to assert the affirmative defenses of offset, fraud in the inducement, execution and performance of agreements, rescission and excuse from performance. Although the district court did not dismiss plaintiff's unclean hands defense on standing grounds, we affirm on that alternative ground. *See Meyer v. Ameriquest Mortg. Co.*, 342 F.3d 899, 902 (9th Cir.2003) (we may affirm the district court on any ground fairly presented by the record).

**AFFIRMED.**

---

1. Plaintiffs also lack standing to assert a derivative claim because the trustee of Teddi's estate holds the exclusive right to assert claims on behalf of Teddi. *See Estate of Spirtos v. One San Bernardino County Superior Court Case Numbered SPR 02211*, 443 F.3d 1172, 1176 (9th Cir.2006).

