**Vasiliy VATOMANYUK, Plaintiff,**

v.

**QUALITY LOAN SERVICE CORPORATION OF WASHINGTON, et al., Defendants.**

**Case No. C09–1441RSM.**

United States District Court, W.D. Washington, at Seattle.

March 26, 2010.

Bruce Michael Hull, Law Offices of Bruce M. Hull, Bellevue, WA, for Plaintiff.

Joni Marie Derifield, Matthew Rick Cleverley, McCarthy & Holthus, Poulsbo, WA, Fred B. Burnside, Matthew S. Sullivan, Davis Wright Tremaine, Seattle, WA, for Defendants.

## ORDER ON MOTION FOR SUMMARY JUDGMENT

RICARDO S. MARTINEZ, District Judge.

This matter is before the Court for consideration of defendant JP Morgan Chase Bank's motion to dismiss, which has been joined by defendant Quality Loan Service Corporation. Dkt. # 7, 11. In opposing the motion, plaintiff asserted that documents presented by defendants were forged or altered, and that the documents he signed were not the documents he actually received. Plaintiff's Opposition, Dkt. # 12, p. 7. The Court deemed this argument as raising matters outside the pleadings, so as to convert the motion to a motion for summary judgment. F.R.Civ.P. 12(d). In order to afford plaintiff an opportunity to present material pertinent to the motion, the Court re-noted the summary judgment motion to a date more than three months after the original noting date. Dkt. # 15. The motion is now ready for consideration. For the reasons set forth below, defendants' motion shall be granted and this action dismissed.

## FACTUAL BACKGROUND

This action arises from the 2006 refinance of plaintiff's residence in Renton, Washington. The complaint (which incorrectly names plaintiffs as Lidia and Mihail Hristev) alleges that plaintiff applied for a fixed rate home loan to refinance his residence, but was given an adjustable rate mortgage with an initial "teaser" rate of

1.775%. Complaint for Rescission, Damages, and Restraint of Trustees Sale, Dkt. # 2, ¶¶ 16–26. Plaintiff later received notification from Chase that the interest rate on his loan was now going to be substantially higher, "many times the initial 1.775% 'teaser' rate plaintiff believed he had for the life of the Loan." *Id.,* ¶ 32. Plaintiff alleges that he "was not provided material disclosures and other loan documentation prior to and after [his] Loan transaction was consummated." *Id.,* ¶ 49. Specifically, plaintiff alleges he was not provided with preliminary disclosures, a Good Faith Estimate, or an accurate Truth–in–Lending disclosure Statement. *Id.,* ¶ 50.

Plaintiff was not able to make the increased payments, and received notice that the residence would be sold at a trustee's sale, which was originally scheduled for June 19, 2009 but later postponed to September 25, 2009. *Id.,* ¶ 35, 36. Plaintiff sent to defendants a "Notice of Rescission" purportedly rescinding the loan transaction, on September 3, 2009. *Id.,* ¶ 37.

On September 11, 2009, plaintiff filed this action in King County Superior Court, alleging violations of the Truth–in–Lending Act ("TILA"), 15 U.S.C.S § 1601 *et seq;* the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2607 *et seq;* and the Washington Consumer Protection Act ("CPA"), RCW 19.86.090 *et seq.* Complaint, Dkt. # 2. Plaintiff requests damages as well as rescission of the transaction pursuant to 15 U.S.C. § 1635(a). *Id.* The complaint also alleges fraud by the mortgage broker, conversion, and violation of the Mortgage Broker Practices Act. *Id.*

The complaint names as defendants Quality Loan Service Corporation of Washington, Inc., ("Quality Loan Services"); JP Morgan Chase Bank, NA ("Chase"); Kobay Financial Corporation; Cynthia Nagel, dba Paragon Appraisals; and Emerald City Escrow, LLC. The claims of fraud, conversion, and violation of the Mortgage Broker Practices Act are directed to these latter defendants. There is no indication in the record that these defendants were ever served, and the only defendants who have appeared in the action are Chase and Quality Loan Services.

Defendants Chase and Quality Loan Services appeared on September 16, and 17, 2009, respectively. Dkt. # 2, pp. 5, 27, 43. On September 16, 2009, plaintiff filed a motion for a temporary restraining order, asking that defendants be restrained from conducting the trustee's sale scheduled for September 25. Dkt. # 2, p. 32. The motion hearing was set for September 23, but neither plaintiff nor counsel appeared, and the hearing was stricken. Dkt. # 2, p. 51. Defendants subsequently removed the action to this Court on the basis of the federal causes of action. Dkt. ## 1, 6. Chase then moved to dismiss the action for failure to state a claim pursuant to F.R.Civ.P. 12(b)(6), and Quality Loan Services joined in the motion. Dkt. ## 7, 11. As noted above, the motion has been converted to a motion for summary judgment.

## DISCUSSION

Defendants' motion asserts the following bases for dismissal:

### (1) *TILA and RESPA Claims*

 Defendants correctly assert that these claims are time-barred. A claim for monetary damages under TILA "may be brought … within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). A TILA violation occurs at the time the loan documents are signed. *See Meyer v. Ameriquest Mortgage Co.,* 342 F.3d 899, 902 (9th Cir.2003). Similarly, an action brought pursuant to 12 U.S.C. § 2607(a), the anti-kickback and unearned fees provision of RESPA, is subject to a

one-year statute of limitations, which starts to run on the date that the loan closed. 12 U.S.C. § 2614. Plaintiff signed documents for the loan transaction at issue here on September 14, 2006, nearly three years before the date this action was filed. These claims are therefore time-barred.

Plaintiff's counsel has presented stale TILA and RESPA claims to this Court in other actions, and each time they have been found time-barred. *See, Kotok v. Homecomings Financial, LLC,* 2009 WL 2057046, at *3 (W.D.Wash. July 14, 2009); *Guketlov v. Homekey Mortgage, LLC,* 2009 WL 3785575 (W.D.Wash.2009); *Bednaruk v. Northwest Trustee Services, Inc.,* 2010 WL 545643 (W.D.Wash.2010). Plaintiff has presented no basis for the Court to find otherwise in this action, and the Court deems it unnecessary to elaborate on the summary analysis set forth above.

Moreover, defendants have refuted plaintiff's assertions regarding the loan documents by producing copies of all required loan documents, including the Adjustable Rate Note, a Notice of Right to Rescind, a Good Faith Estimate, a Truth in Lending Disclosure Statement, and a HUD–1 Settlement Statement. Declaration of Jeanni Lowry, Dkt. # 9, Exhibits A through E. All bear plaintiff's signature where required.[1] *Id.* Plaintiff alleged in his complaint that these documents were not provided to him. Complaint, ¶¶ 49–50. Now, in opposing the motion to dismiss, he asserts that

> plaintiff never received any loan documents on or after the closing and believed the documents he signed were forged and altered by representatives of Kobay and Emerald. Plaintiff believes the documents he received from WaMu

were not the same documents he signed before Kobay and Emerald.

Plaintiff's Opposition, Dkt. # 12, p. 5. He argues that

> [t]o the extent that this Court considers the new documents submitted by Defendants it should do so only for the purposes of finding there are loan documents submitted by plaintiff that support plaintiff's claims, contradict Defendants' allegations and raise questions regarding the authenticity of Defendants' documents recently submitted.

*Id.,* p. 7.

It was the serious nature of these allegations of fraud and forged or altered documents that prompted the Court to convert the motion into a motion for summary judgment and give plaintiff an opportunity to produce evidence .in support of his claims. Dkt. # 15. However, he has failed to do so. Instead of producing any evidence in the form of affidavits, documents, or otherwise, plaintiff simply reasserts his argument that he was the victim of a fraud committed by defendants Kobay, Nagel and Emerald City Escrow—none of whom have been served or have appeared in this action. He contends that "serious questions of fact remain as to the authenticity of the loan documents introduced by defendant." Plaintiff's Supplemental Opposition, Dkt. # 16, p. 2. This response is accompanied by a declaration of counsel saying that evidence to defeat defendants' motion cannot be obtained because plaintiff has departed for Russia and is unavailable. Declaration of Bruce Hull, Dkt. # 17. However, the declaration states that plaintiff left on March 3, 2010, and fails to explain why the necessary affidavit

---

1. Unlike other plaintiffs represented by the same counsel in similar mortgage-related actions, plaintiff Vatomanyuk does not allege in his complaint that he is limited in his ability to read, speak or write English. *See, e.g.,*
*Hristev v. Fidelity National title et al.,* C09–608RSM, complaint at ¶ 11; *Bednaruk v. Northwest Trustee Services, Inc.,* C09–1586TSZ, Complaint at ¶¶ 7–8.

and documentary evidence were not obtained before plaintiff departed.

Now, with a motion for summary judgment ripe and ready for consideration, there is not a shred of evidence in the record to support the allegations in plaintiff's complaint. Nowhere has plaintiff himself filed an affidavit or sworn declaration to support his conclusory allegations regarding the loan documents. Even the "Form 1003" document to which the complaint refers as "Exhibit 1" is lacking; no Exhibit 1 is attached to the complaint, nor does it appear anywhere in plaintiff's filings. Complaint, ¶ 18. And while plaintiff's supplemental response requests a continuance of the motion pursuant to F.R.Civ.P. 56(f) to "enable affidavits to be obtained," nowhere does he explain why they could not be obtained prior to March 3, 2010, before plaintiff departed for Russia. Nor does the request state when or even if plaintiff is expected to return. The Court therefore declines to grant a Rule 56(f) continuance.

Rule 56 provides, in relevant part,

When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather its response must—by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

F.R.Civ.P. 56(e)(2). In the light of the complete absence of evidence to support plaintiff's claims that the documents produced by defendants are fraudulent, the court finds it appropriate to grant defendants' motion for summary judgment as to the TILA and RESPA claims.

(2) *Claim for Rescission*

Defendants contend that this claim should be dismissed because plaintiff is not entitled to rescission. He was properly provided with a Notice of Right to Rescind with his loan documents in 2006, and his signature indicates that he received the notice. He is therefore not entitled to rescind now, three years later, under either 15 U.S.C. § 1635(a) and 12 CFR § 226.23(a) as claimed in the complaint. Plaintiff has presented no argument in opposition to dismissal of this claim. Defendants' motion shall accordingly be granted.

(3) *Consumer Protection Act Claim*

■ Finally, defendants contend that the Washington CPA claim should be dismissed because this state law claim against Chase is preempted by the National Bank Act, 12 U.S.C. § 21 *et seq.* This Court has so held in a similar case alleging CPA violations arising from a bank's mortgage lending practices. *Fultz v. World Savings Loan Association,* 2008 WL 4131512 (W.D.Wash.2008). The Ninth Circuit Court of Appeals has held that Chase is a national bank entitled to the benefit of such preemption. *Rose v. Chase Bank USA, NA,* 513 F.3d 1032, 1037–38 (9th Cir.2008). Plaintiff acknowledged in his complaint that Chase is a national banking association. Complaint, ¶ 4. Now, in opposing dismissal of the CPA claim, plaintiff only asserts that defendants "have not cited sufficient authority to establish plaintiff's CPA claim is preempted and no case has supported the position of Federal preemption of the Washington CPA." Plaintiff's Opposition, Dkt. # 12, p. 9. The cases cited above, both of which were cited by defendants, demonstrate otherwise. Plaintiff's CPA claim is preempted, and defendants are entitled to dismissal of this state law claim.

In light of this finding, the Court need not reach plaintiff's request for leave to amend to properly plead his ill-pled CPA claim, as amendment would be futile.

## CONCLUSION

"[S]ummary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable jury could return a verdict in its favor." *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir.1995). It should also be granted where there is a "complete failure of proof concerning an essential element of the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient" to prevent summary judgment. *Triton Energy Corp.*, 68 F.3d at 1221.

Here, as set forth above, the record does not contain even a scintilla of evidence to support plaintiff's claims against defendants Chase and Quality Loan Services Accordingly, defendants' motion for summary judgment (Dkt.# 7) is GRANTED and the claims asserted against defendants Chase and Quality Loan Services are DISMISSED.

The remaining claims of fraud, conversion, and violation of the Mortgage Broker Practices Act are asserted against defendants who have not been served and have not appeared in this action. These claims are DISMISSED WITHOUT PREJUDICE pursuant to F.R.Civ.Proc. 4(m).

The Clerk shall enter judgment accordingly, and close the file.