NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RONNIE L. TOWNSEND; IRIS TOWNSEND, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> WELLS FARGO BANK, N.A., <br><br> Defendant-Appellee, <br><br> and <br><br> WELLS FARGO HOME MORTGAGE, <br><br> Defendant. | No. 19-16919 <br><br> D.C. No. 5:18-cv-07382-NC <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Nathanael M. Cousins, Magistrate Judge, Presiding[**]

Submitted December 2, 2020[***]

Before:    WALLACE, SILVERMAN, and BRESS, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Ronnie L. Townsend and Iris Townsend appeal pro se from the district court's judgment dismissing their action alleging federal and state law claims arising out of the foreclosure proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to state claim under Federal Rule of Civil Procedure 12(b)(6). *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1093 (9th Cir. 2017). We affirm.

The district court properly dismissed the Townsends' Truth In Lending Act ("TILA") claim because it was filed outside of the applicable one-year statute of limitations, and the Townsends failed to allege facts sufficient to show that equitable tolling applied. *See* 15 U.S.C. § 1640(e) (a damages claim for a TILA violation must be brought "within a year from the date of the occurrence of the violation"); *Meyer v. Ameriquest Mortg., Co.*, 342 F.3d 899, 902 (9th Cir. 2003) (the statute of limitations for a TILA claim begins to run "at the time the loan documents were signed"); *King v. California*, 784 F.2d 910, 914-915 (9th Cir. 1986) (equitable tolling can apply to a TILA damages claim in certain circumstances); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)).

The district court properly dismissed the Townsends' Real Estate Settlement

Procedures Act ("RESPA") claim because the Townsends failed to allege facts sufficient to show that they suffered any actual damages from the alleged RESPA violation. *See* 12 U.S.C. § 2605(f)(1) (limiting recovery to "actual damages" for servicer violations under RESPA); 12 C.F.R. § 1024.41(a) (authorizing borrowers to seek damages for servicer misconduct in connection with borrowers' review for loss mitigation options under § 2605(f)); *see also Iqbal*, 556 U.S. at 678.

The district court properly dismissed the Townsends' quiet title claim because the Townsends failed to tender the amount of the outstanding debt. *See* Cal. Civ. Proc. Code § 761.020 (elements of a quiet title action); *Lueras v. BAC Home Loans Servicing, LP*, 163 Cal. Rptr. 3d 804, 835(Ct. App. 2013) ("A borrower may not . . . quiet title against a secured lender without first paying the outstanding debt on which the mortgage or deed of trust is based."); *see also Iqbal*, 556 U.S. at 678.

The district court properly dismissed the Townsends' claim under California's Unfair Competition Law ("UCL") because the Townsends failed to allege facts sufficient to demonstrate the requisite causal connection between defendant Wells Fargo Bank, N.A.'s alleged improper credit reporting and the Townsends' diminished credit rating. *See* Cal. Bus. & Prof. Code § 17200 *et seq*.; *Rubio v. Capital One Bank*, 613 F.3d 1195, 1203-04 (9th Cir. 2010) (explaining that "to assert a UCL claim, a private plaintiff needs to have 'suffered injury in fact

and . . . lost money or property as a result of the unfair competition'" (quoting Cal. Bus. & Prof. Code § 17200)); *see also Iqbal*, 556 U.S. at 678.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**