[No. B055572. Second Dist., Div. Six. Feb. 13, 1992.]

DON E. ROWLAND et al., Plaintiffs and Respondents, v.
PAINEWEBBER INCORPORATED et al., Defendants and Appellants.

**COUNSEL**

Scott M. Ratchick for Defendants and Appellants.

Zilinskas & Brantner, Victor G. Zilinskas and Todd Thompson for Plaintiffs and Respondents.

## OPINION

STONE (S. J.), P. J.—Here we hold that a defendants' petition to compel arbitration may not be denied simply by reason of plaintiffs raising allegations of fraud in relation to the execution of the arbitration agreement which were absent from plaintiffs' complaint.

Such allegations, under circumstances where the parties were not in a relationship of unequal bargaining power, do not justify the denial of a petition to compel.

Accordingly, we reverse the trial court's order denying defendants/appellants PaineWebber's and Robin Taliaferro's petition for an order compelling arbitration.

### Background

Respondents/plaintiffs Don and Marie Rowland, who are retired, opened an investment account with appellant PaineWebber at its Santa Barbara office in March 1989. PaineWebber assigned its employee, appellant Taliaferro, to manage the account. Respondent Don Rowland is a former securities broker and employee of PaineWebber.

Upon opening the account, respondents signed a written contract with PaineWebber, entitled "Client's Agreement," detailing the parties' rights and responsibilities regarding the account. This agreement contains a provision requiring arbitration of all controversies arising out of the account.[1]

In August 1990, respondents filed suit against appellants, alleging in regard to their account that appellants purchased unsuitable investments for their needs and made misrepresentations and omissions of material fact, causing respondents financial loss and emotional distress. The allegations related solely to appellants' supervision and handling of respondents' account. No allegations of misrepresentation or fraud were made regarding the execution of the Client's Agreement or, specifically, the arbitration provision.

In September 1990, pursuant to the arbitration provision in the Client's Agreement and following respondents' refusal to stipulate to arbitration,

---

[1] This provision states: " 'The undersigned agrees, and by carrying an account(s) for the undersigned you agree, that . . . all controversies which may arise between the undersigned and you (including your employees and agents) concerning any transaction in any account(s) or the construction, performance or breach of this or any other agreement between us, whether entered into prior, on or subsequent to the date hereof, shall be determined by arbitration.' "

appellants filed their petition for an order compelling arbitration of the dispute and staying the court proceedings.

Respondents opposed the petition to compel on the ground that they were surprised by the existence of the arbitration provision. They claimed that they never knowingly agreed to arbitrate potential claims against PaineWebber, and accused appellants of fraudulently concealing the arbitration clause and fraudulently inducing them to agree to arbitration.

In his declaration attached to respondents' opposition to the petition to compel, respondent Don Rowland stated the following: (1) he was "beseiged with a plethora of documents" during the process of opening the investment account, (2) the documents for opening the account were presented by appellant Taliaferro as "simply paperwork necessary for me to open my account," (3) Taliaferro stated that there was no reason to read the documents "since they were for PAINEWEBBER's records and did not affect me or my legal rights," and (4) respondent was "never given ample time to read the material and trusted my broker's explanations."

In their reply to respondents' opposition, appellants charged them with attempting to create a fiction of fraud in order to circumvent their contractual obligation to proceed with arbitration.

At the hearing the trial court found that respondents failed to allege either in their complaint or their declaration that Taliaferro made any untrue statements. The court granted respondents 10 days to amend their complaint to sufficiently allege their claim of fraud, and then proceeded to hear arguments on appellants' petition to compel arbitration. Following argument, the judge denied the petition and ordered the parties to proceed with a trial solely on the severed issue of the alleged fraud relating to the arbitration provision.

Subsequent to the court's ruling, respondents filed their amended complaint.

This appeal followed. We denied respondents' motion to augment the record on appeal to include their amended complaint.

DISCUSSION

Appellants contend that, by denying their petition to compel arbitration and submitting the issue of the validity of the arbitration provision to the

superior court, the trial court violated *Prima Paint* v. *Flood & Conklin* (1967) 388 U.S. 395 [18 L.Ed.2d 1270, 87 S.Ct. 1801]. Appellants also argue that there were no facts before the trial court supplying a basis for respondents' claim of fraud.

Respondents counter that the trial court complied with applicable federal law.

The parties stipulate that the arbitration provision here is governed by the Federal Arbitration Act (FAA or Act). (9 U.S.C. § 1 et seq.) ■ The FAA mandates the enforcement of arbitration agreements with only two limitations: (1) such agreements must be part of written maritime contracts or contracts involving commercial transactions, and (2) they can be revoked upon legal or equitable grounds for the revocation of any contract. (9 U.S.C. § 2; *Southland Corp.* v. *Keating* (1984) 465 U.S. 1, 10-11 [79 L.Ed.2d 1, 11-13, 104 S.Ct. 852].)[2] The enforceability of arbitration clauses is subject to no other limits or defenses under state law. (465 U.S. at p. 11 [79 L.Ed.2d at pp. 12-13]; *Cohen* v. *Wedbush, Noble, Cooke, Inc.* (9th Cir. 1988) 841 F.2d 282, 285; *Tonetti* v. *Shirley* (1985) 173 Cal.App.3d 1144, 1148 [219 Cal.Rptr. 616].) By enacting the FAA, Congress declared a "national policy" favoring arbitration and withdrew the power of the states to require a judicial forum for matters which the contracting parties have agreed to arbitrate. (*Southland Corp.* v. *Keating, supra*; *Moses H. Cone Hospital* v. *Mercury Constr. Corp.* (1983) 460 U.S. 1, 24 [74 L.Ed.2d 765, 785, 103 S.Ct. 927].)

■ California has a strong public policy in favor of arbitration as a speedy and relatively inexpensive means of dispute resolution. (*Ericksen, Arbuthnot, McCarthy, Kearney & Walsh, Inc.* v. *100 Oak Street, supra*, 35 Cal.3d 322, citing *Christensen* v. *Dewor Developments* (1983) 33 Cal.3d 778 [191 Cal.Rptr. 8, 661 P.2d 1088]. This policy is particularly applicable to cases where the parties agreeing to arbitration are of presumptively equal bargaining power. (*Ericksen, Arbuthnot, McCarthy, Kearney & Walsh, Inc.* v. *100 Oak Street, supra*, 35 Cal.3d 322.)

Respondents' specific claim, that they were fraudulently induced into agreeing to arbitration, is a commonly raised issue in both state and federal cases dealing with challenges to arbitration agreements. *Prima Paint* v. *Flood & Conklin, supra*, 388 U.S. 395 settled the question of who decides a claim of fraudulent inducement in the signing of an arbitration agreement—the

---

[2] Code of Civil Procedure section 1281.2, calling for arbitration unless grounds exist for revocation of the arbitration clause, basically mirrors federal law. (*Ericksen, Arbuthnot, McCarthy, Kearney & Walsh, Inc.* v. *100 Oak Street* (1983) 35 Cal.3d 312, 322 [197 Cal.Rptr. 581, 673 P.2d 251].)

court or an arbitrator. Affirming the principle that an arbitration agreement is separable or severable from the rest of the contract, *Prima Paint* held that if the claim of fraud is directed solely at the making of the arbitration agreement, then the court adjudicates the claim. If the fraud alleged relates generally to the making of the contract containing the arbitration clause, then the claim is for an arbitrator and not the court. (Pp. 400, 402-404 [18 L.Ed.2d 1274-1278].)

Under *Prima Paint*, a court must not remove from arbitration substantive challenges to the underlying contract unless there is an independent challenge to the arbitration clause itself. (*Teledyne, Inc.* v. *Kone Corp.* (9th Cir. 1989) 892 F.2d 1404, 1410.) *Prima Paint* was followed by the California Supreme Court in *Ericksen, Arbuthnot, McCarthy, Kearney & Walsh, Inc.* v. *100 Oak Street, supra,* 35 Cal.3d at page 323.

Here, both parties incorrectly suggest that the central issue is whether respondents' claim of fraud in their opposition to appellants' motion to compel arbitration relates to the execution of the entire client's agreement or just to the arbitration provision. ■ The more fundamental question is whether respondents may successfully oppose appellants' petition to compel arbitration without having made any substantive challenge in their complaint to the arbitration provision or the "Client's Agreement," and without presenting any facts in their opposition to the petition tending to show they were the victims of fraud. We hold that they may not.

Even if plaintiffs' claims of fraud are directed specifically to the arbitration agreement, plaintiffs are not entitled to a jury trial on the making of the arbitration agreement if their claims do not state a cause of action for fraud. (*Cohen* v. *Wedbush, Noble, Cooke, Inc., supra,* 841 F.2d at p. 287.)

Moreover, the use of "procedural gamesmanship," by which preliminary issues may end up being decided by the courts, is to be guarded against, for it undermines the advantages of arbitration and robs it of much of its value. (*Ericksen, Arbuthnot, McCarthy, Kearney & Walsh, Inc.* v. *100 Oak Street, supra,* 35 Cal.3d at p. 323.) Arbitration " 'should not be denied or postponed upon the mere cry of fraud in the inducement, *as this would permit the frustration of the very purposes sought to be achieved by the agreement to arbitrate, i.e., a speedy and relatively inexpensive trial . . . .'* " (*Id.* at p. 318, citing *Robert Lawrence Company* v. *Devonshire Fabrics, Inc.* (2d Cir. 1959) 271 F.2d 402, 410.)

In circumstances where plaintiff's complaint is devoid of contractual fraud allegations, the approach that should be utilized by a trial court in deciding

a petition to arbitrate is whether there are any facts supporting the allegations of fraudulent inducement. This should avoid unmeritorious allegations of fraud being presented for the sole purpose of avoiding the obligation to arbitrate. Here, the trial court erroneously permitted respondents to successfully oppose appellants' petition to compel arbitration merely by alleging fraud without any concomitant burden of proof.

■ Examination of respondents' declaration in their opposition to the petition to compel reveals no facts tending to show they were the victims of fraud. Respondent Don Rowland declared that (1) he was beseiged with numerous documents when opening the account which appellant Taliaferro represented as simply necessary paperwork, (2) Taliaferro told respondent that since these documents did not affect respondent's legal rights he did not have to read them, and (3) respondent was not given sufficient time to read the documents.[3] These reasons are insufficient.

No law requires that parties dealing at arm's length have a duty to explain to each other the terms of a written contract, particularly where, as here, the language of the contract expressly and plainly provides for the arbitration of disputes arising out of the contractual relationship. (*Cohen* v. *Wedbush, Noble, Cooke, Inc., supra,* 841 F.2d at p. 287.) Reliance on an alleged misrepresentation is not reasonable when plaintiff could have ascertained the truth through the exercise of reasonable diligence. (*Ibid.*) Reasonable diligence requires the reading of a contract before signing it. A party cannot use his own lack of diligence to avoid an arbitration agreement. (*Pierson* v. *Dean, Witter, Reynolds, Inc.* (7th Cir. 1984) 742 F.2d 334, 339.)

■ Respondents' suggestion that they were in a weaker position and somehow were without a choice in signing or reading the client's agreement, is without merit. Respondent Don Rowland was once employed as a securities broker with a stock brokerage firm. He is "not a helpless investor lost in the world of stocks and bonds who can be . . . easily dominated . . . ." *King* v. *Prudential-Bache Securities, Inc.* (1990) 226 Cal.App.3d 749, 756 [277 Cal.Rptr. 214].) Presumably, he was familiar with all industry contract terms necessary to open an investment account. Contracts made at arm's length between experienced business people should be honored by the parties and enforced by the courts. (*Southland Corp.* v. *Keating, supra,* 465 U.S. at p. 7 [79 L.Ed.2d at pp. 9-10].)

---

[3]The identical reasons were forwarded by plaintiff in the case of *Strotz* v. *Dean Witter Reynolds, Inc.* (1990) 223 Cal.App.3d 208 [272 Cal.Rptr. 680], cited by respondents. Plaintiff, a customer of a stock brokerage firm, alleged in her complaint that defendants told her the contracts she signed were necessary to open her investment account, they did not affect her legal rights, and it was not necessary to read them. Plaintiff also complained that she was not given the opportunity to read the documents.

Respondents' alternative theory, that they were never given the opportunity to read the contract, is disingenuous. No facts were presented that they were in any way prevented from reading what it was their duty to read. Failure to read a contract before signing it is not by itself a reason to refuse its enforcement. (*Vernon* v. *Drexel Burnham & Co.* (1975) 52 Cal.App.3d 706, 714 [125 Cal.Rptr. 147].)

Finally, the evidence of Taliaferro's comments relates to the Client's Agreement as a whole rather than to the arbitration provision in particular. Hence, Taliaferro's alleged remarks cannot be characterized as fraud in the inducement of the arbitration provision. Even assuming a statement by a nonlawyer regarding a question of law can constitute fraud, where plaintiff's challenge does not go to the validity of the arbitration clause, the dispute over the enforceability of the arbitration clause is a subject of mandatory arbitration. (*Cohen* v. *Wedbush, Noble, Cooke, Inc., supra,* 841 F.2d at p. 287, citing *Prima Paint* v. *Flood & Conklin, supra,* 388 U.S. at pp. 403-404 [18 L.Ed.2d at pp. 1277-1278].)

*Strotz* v. *Dean Witter Reynolds, Inc., supra,* 223 Cal.App.3d 208, although dealing with an arbitration agreement between a brokerage firm and a customer/investor, is not applicable here.

*Strotz* held that allegations of a fiduciary relationship existing between plaintiff customer and defendant brokerage firm sufficiently supported plaintiff's claim of fraud to warrant denial of defendant's petition to compel arbitration. The appellate court reasoned that an allegation of fraud which is directed at the execution of the principal contract necessarily affects the agreement to arbitrate, and thus is sufficient to place the issue of fraud before the court and not an arbitrator. (223 Cal.App.3d at pp. 217-218.)

Appellants argue that *Strotz* violates the holding in *Prima Paint.* However, we need not address whether or not *Strotz* is good law. The case is inapposite for two reasons. The fraud which was claimed to have affected the *Strotz* plaintiff's understanding of the arbitration agreement was alleged in her complaint. Thus, her challenge to the arbitration clause was not a mere eleventh hour procedural device to avoid arbitration. In addition, the *Strotz* court relied on the theory that a complaint sufficiently alleges fraud in the inception of an agreement to arbitrate where there are facts showing the plaintiff was under control of the defendant and did not know what she was signing. (223 Cal.App.3d at p. 217.) Here, there are no facts tending to show respondents were under appellants' dominion and control.

The order denying appellants' petition to compel arbitration is reversed.

Costs on appeal are awarded to appellants.

Gilbert, J., and Yegan, J., concurred.