Filed 6/30/15  Cooper v. Equifirst Corp. CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| EDWARD COOPER,<br><br>  Plaintiff and Appellant,<br><br> v.<br><br>EQUIFIRST CORPORATION et al.,<br><br>  Defendants and Respondents. | C070471<br><br>(Super. Ct. No. 34-2011-00104605-CU-OR-GDS) |

Plaintiff appeals from a judgment of dismissal on demurrer against his complaint to recover for alleged fraud in the consummation of a residential loan and for wrongful foreclosure.  We affirm the judgment, concluding the statutes of limitations bar his claims for damages, and his claims for wrongful foreclosure provide him no remedy.

ALLEGED FACTS

In September 2007, plaintiff retained a broker in order to refinance the loan on his home.  The broker's employee told plaintiff he could refinance again in three to six

1

months when his credit score improved, but for now, plaintiff would receive the best loan he could get under his current financial circumstances.

The employee misrepresented certain facts in the loan application. He overstated plaintiff's monthly income by more than $1,800; listed a Harley Davidson worth $23,000 as one of plaintiff's assets (plaintiff has never owned a Harley Davidson); and overstated the value of plaintiff's home. Plaintiff did not read the loan application prior to its submittal or for more than two years afterward.

On September 19, 2007, plaintiff obtained a 30-year adjustable rate loan from EquiFirst Corporation (EquiFirst). The loan was memorialized in a note and secured by a deed of trust. The deed listed Mortgage Electronic Registration Systems, Inc. (MERS) as the beneficiary acting as a nominee for EquiFirst.

The deed of trust contained riders. A prepayment penalty rider stated plaintiff would incur a penalty if he paid his loan in full within the first three years of the loan's term. A balloon payment rider stated the loan was payable in full on the maturity date. Plaintiff signed the deed of trust and all of the riders.

Over the next three years, the loan was assigned to various parties. By 2011, Bank of New York Mellon Trust Company, National Association as Grantor Trustee of the Protium Master Grantor Trust (BONY), owned the note. Statebridge Company, LLC (Statebridge) serviced the loan..

In May 2011, the trustee recorded a Notice of Default and Election to Sell against the property.

CASE HISTORY

On June 8, 2011, nearly four years after executing the loan documents and receiving the loan, plaintiff filed this action for fraud and wrongful foreclosure. His first amended complaint, filed September 2, 2011, named as defendants the original lender, EquiFirst; EquiFirst's nominee, MERS; BONY, the current beneficiary; Statebridge, the current loan servicer; and most other entities and individuals who had at one time

2

procured or serviced the loan. Plaintiff alleged 10 causes of action: (1) deceit; (2) civil conspiracy to defraud; (3) breach of fiduciary duty; (4) aiding and abetting breach of fiduciary duty; (5) negligence; (6) violations of Business and Professions Code section 17200; (7) wrongful foreclosure in violation of Civil Code section 2923.5;[1] (8) wrongful foreclosure in violation of section 2924; (9) wrongful foreclosure in violation of section 2932.5; and (10) fraud.

Subsequently, plaintiff ex parte obtained a temporary restraining order enjoining any trustee sale and an order to show cause on his request for a preliminary injunction.

EquiFirst filed a demurrer against the first amended complaint, as did BONY, MERS, and Statebridge.[2]

By minute order dated November 10, 2011, the trial court denied plaintiff's request for a preliminary injunction and vacated the temporary restraining order. The court denied the preliminary injunction preventing a foreclosure sale because plaintiff was not likely to prevail on the merits. Plaintiff contended the notice of default was invalid because the issuer did not comply with section 2923.5's requirement that the parties first assess and explore alternatives to foreclosure. The court found on the weight of the evidence that the defendants had complied with section 2923.5. Plaintiff's unlikelihood of succeeding on the merits outweighed the interim harm he would suffer if the injunction were not granted.

Also by minute orders dated November 10, 2011, the trial court ruled on both demurrers. It sustained EquiFirst's demurrer against the entire first amended complaint without leave to amend. Of relevance here, the court found the applicable statutes of limitations barred the first, third, fourth, fifth, and sixth causes of action, and that plaintiff

---

[1]    Undesignated section references are to the Civil Code.

[2]    The other defendants named in the complaint are not before us.

had failed to plead facts to justify tolling the statutes of limitations. The court also sustained EquiFirst's demurrer to the ninth cause of action, wrongful foreclosure in violation of section 2932.5, because that statute did not apply to a deed of trust.

The trial court sustained in part and overruled in part the demurrer filed by BONY, MERS, and Statebridge. It sustained the demurrer as against all causes of action except the sixth cause of action, violation of Business and Professions Code section 17200, and the seventh cause of action, wrongful foreclosure in violation of section 2923.5. Plaintiff adequately pleaded as his seventh cause of action a violation of section 2923.5, and that act served as the predicate to plead a violation of Business and Professions Code section 17200 as his sixth cause of action.

The court sustained BONY and MERS's demurrer to the ninth cause of action, again because the remedies provided by section 2932.5 do not apply to a deed of trust. It also sustained the demurrer because plaintiff had failed to tender the indebtedness it owed. The court ordered plaintiff to file a second amended complaint against BONY, MERS, and Statebridge containing only the two remaining causes of action.

On November 18, 2011, eight days after the trial court issued its minute order vacating the order to show cause and the temporary restraining order, defendant's house was sold at a trustee's foreclosure sale.

The court issued its formal order vacating the order to show cause and the temporary restraining order on December 1, 2011.

Plaintiff filed a second amended complaint alleging again the sixth and seventh causes of action, against which BONY, MERS, and Statebridge filed a demurrer. Defendants' demurrer to the seventh cause of action, violation of section 2923.5, asserted the cause of action was moot because the home had already been sold, and there is no remedy for a violation of section 2923.5 once the home is sold. Plaintiff conceded the sale ordinarily renders a cause of action under section 2923.5 moot, but he argued the sale occurred in violation of the temporary restraining order, which plaintiff contended

4

was not vacated until the court issued its formal order on December 1, 2011, and, in turn, in violation of section 2924g, which prohibits a trustee sale from occurring within seven days after the expiration of a restraining order.

The trial court determined the restraining order had not been valid against the defendants because their counsel had not been properly notified of the ex parte hearing where the order was obtained. The court also ruled that even if notice had been proper, the restraining order was vacated as of the date of the court's minute order, not its formal order, and the sale had occurred on a timely basis. The court sustained the demurrer against the seventh cause of action without leave to amend.

Because the remaining sixth cause of action, a violation of Business and Professions Code section 17200, was derivative of the seventh cause of action, which the court had just dismissed, the court also sustained the demurrer against the sixth cause of action without leave to amend.

Plaintiff appeals from the resulting judgments of dismissal. He contends the trial court erred in three respects:

1.      Ruling his first, third, fourth, fifth, and sixth causes of action were barred by the statutes of limitations;

2.      Ruling tender was required to bring a wrongful foreclosure action under section 2932.5 (ninth cause of action); and

3.      Dismissing the seventh cause of action, wrongful foreclosure under section 2923.5, when he had alleged the trustee sale occurred in violation of a valid and existent temporary restraining order.

DISCUSSION

I

*Statutes of Limitations and Accrual of the Causes of Action*

Plaintiff contends the trial court erred when it concluded the applicable statutes of limitations barred most of his causes of action, and that he failed to plead sufficient facts

5

showing his causes of action accrued later than the day he executed the loan documents. He asserts he pleaded sufficient facts demonstrating he had no reason to discover his causes of action until at least April 2010. Alternatively, he asserts he was not subject to the usual degree of diligence to discover his claims because he pleaded he had a fiduciary relationship with his *lender*, EquiFirst, which arose because EquiFirst and plaintiff's broker were allegedly in an agency relationship. We disagree with plaintiff's arguments.

"Generally speaking, a cause of action accrues at 'the time when the cause of action is complete with all of its elements.' [Citations.] An important exception to the general rule of accrual is the 'discovery rule,' which postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action. [Citations.]" (*Fox v. Ethicon Endo-Surgery, Inc.* (2005) 35 Cal.4th 797, 806-807 (*Fox*).)

"In order to rely on the discovery rule for delayed accrual of a cause of action, '[a] plaintiff whose complaint shows on its face that his claim would be barred without the benefit of the discovery rule must specifically plead facts to show (1) the time and manner of discovery *and* (2) the inability to have made earlier discovery despite reasonable diligence.' [Citation.] In assessing the sufficiency of the allegations of delayed discovery, the court places the burden on the plaintiff to 'show diligence'; 'conclusory allegations will not withstand demurrer.' [Citation.]" (*Fox, supra,* 35 Cal.4th at p. 808, original italics.)

Plaintiff's first amended complaint shows on its face that most of his causes of action would be time-barred without the benefit of the discovery rule. The first, third, fourth, fifth, and sixth causes of action are based on alleged misrepresentations that occurred during loan negotiations. Those negotiations were consummated with execution of the loan documents on September 19, 2007. Claims for deceit, fraud, and breach of fiduciary duties are subject to a three-year statute of limitations. (Code Civ. Proc., § 338, subd. (d).) The negligence claim is subject to a two-year statute of limitations. (Code of Civ. Proc., § 335.1.) Unless the discovery rule applied and delayed accrual of his causes

6

of action, plaintiff was obligated under the statutes of limitations to file his complaint no later than September 19, 2010. Plaintiff filed his original complaint on June 8, 2011.

We conclude the discovery rule did not delay accrual of plaintiff's causes of action and postpone the running of the limitations periods because plaintiff did not plead facts showing he would not have discovered the alleged misrepresentations despite reasonable diligence. To the contrary, he pleaded facts showing he *would* have discovered the alleged misrepresentations had he exercised reasonable diligence. Plaintiff alleged he did not discover the misrepresentations in the loan application about his assets "until he reviewed his loan documents for purpose of filing for bankruptcy protection in April 2010." By this statement, plaintiff admits he could have discovered the misrepresentations had he read his loan documents at the time he executed them. He therefore would have been able to file his suit within the limitation periods.

Whatever the term "reasonable diligence" may mean, it at least means in this circumstance an obligation on plaintiff to read his loan documents when he signs them. "Reliance on an alleged misrepresentation is not reasonable when plaintiff could have ascertained the truth through the exercise of reasonable diligence. [Citation.] Reasonable diligence requires the reading of a contract before signing it." (*Rowland v. PaineWebber Inc.* (1992) 4 Cal.App.4th 279, 286; see *Meyer v. Ameriquest Mortgage Co.* (9th Cir. 2003) 342 F.3d 899, 902 [in the exercise of reasonable diligence, plaintiffs should have discovered violations of the federal Truth in Lending Act in their loan documents the day they signed them].)

Plaintiff's additional factual allegations are also insufficient. He alleged he did not discover until March 2011 defendants' misstatement of his income, their alleged failure to disclose the balloon payment and the prepayment penalty, and their alleged failure to disclose fees paid to his broker. Plaintiff does not explain why he was unable to discover those alleged misrepresentations upon the exercise of due diligence. Such conclusory allegations do not withstand demurrer. (*Fox, supra,* 35 Cal.4th at p. 808.)

7

Plaintiff alleges he could not have discovered untilo March 2011 the defendants' alleged fraud and deceit regarding his ability to refinance the loan because the limitation was not apparent from the loan documents. The documents, however, do not prohibit him from refinancing the loan. Rather, they impose a penalty should he do so within the first three years of the loan, and that condition of the loan was explicitly spelled out in the loan documents. Had plaintiff read the documents upon signing them, he would have understood this condition.

Plaintiff argues that due to his loan's complexity, he would not have been able to understand the documents had he read them. We disagree. The alleged misrepresentations of which he complains are explicitly contained in the loan documents in easily understandable language. Plaintiff does not contend he is unable to read or understand English, that the misrepresentations of which he complains were not disclosed, or that they were fraudulently concealed. They were there for him to read and understand.

Plaintiff contends he was excused from reading the loan documents under the rule of *Wyatt v. Union Mortgage Co.* (1979) 24 Cal.3d 773 (*Wyatt*). That case affirmed an award of damages to a borrower against his loan broker and the broker's affiliated corporations for misrepresentations in breach of a fiduciary duty and under a theory of civil conspiracy, even though the debtor did not read the loan documents and he filed his complaint after the statute of limitations had allegedly run. The court ruled the plaintiff's claims were not time-barred because he successfully alleged and proved an ongoing civil conspiracy of fraud in violation of a fiduciary duty. A statute of limitations does not begin to run on a civil conspiracy until the " 'last overt act' " pursuant to the conspiracy has been completed. (*Id.* at pp. 786-787.)

*Wyatt*, however, did not address what effect the borrower's failure to read the loan documents had on the accrual of his claims. It did not need to address that issue because the borrower in that case had a fiduciary relationship with the broker and could rely upon

8

his expertise, and because the broker continued to service the loan and thus was an ongoing participant in the civil conspiracy whose last overt act occurred after the filing of the complaint. "It is axiomatic that language in a judicial opinion is to be understood in accordance with the facts and issues before the court. An opinion is not authority for propositions not considered. [Citations.]" (*Chevron U.S.A., Inc. v. Workers' Comp. Appeals Bd.* (1999) 19 Cal.4th 1182, 1195.) *Wyatt* does not apply here.

Alternatively, plaintiff asserts he was entitled to a more lenient standard of discovery of the facts because he alleged his *lender* owed him a fiduciary duty as a result of an agency relationship that allegedly existed between the lender, EquiFirst, and plaintiff's broker. Plaintiff raised this argument at the trial court, but the court did not address it.

In cases where a fiduciary duty exists, the same degree of diligence in discovering misrepresentation is not required. (*Hobart v. Hobart Estate Co.* (1945) 26 Cal.2d 412, 440.) In such cases, the plaintiff "is only required to establish facts sufficient to show that he made an actual discovery of hitherto unknown information within [the limitations period] before the filing of the action in order to satisfy the duty of diligence and to thereby come within the limitations period. [Citation.]" (*Electronic Equipment Express, Inc. v. Donald H. Seiler & Co.* (1981) 122 Cal.App.3d 834, 855.)

Even if plaintiff has alleged his broker was EquiFirst's agent, those allegations do not allege EquiFirst had a fiduciary duty to plaintiff. Merely asserting EquiFirst owed him a fiduciary duty is insufficient for two reasons. First, the "relationship between a lending institution and its borrower-client is not fiduciary in nature. [Citation.]" (*Nymark v. Heart Fed. Savings & Loan Assn.* (1991) 231 Cal.App.3d 1089, 1093, fn. 1 (*Nymark*).) "No fiduciary duty exists between a borrower and lender in an arm's length transaction. [Citations.]" (*Ragland v. U.S. Bank National Assn.* (2012) 209 Cal.App.4th 182, 206.) As we stated in *Nymark*, "[a] commercial lender is entitled to pursue its own economic interests in a loan transaction. [Citation.] This right is inconsistent with the

obligations of a fiduciary which require that the fiduciary knowingly agree to subordinate its interests to act on behalf of and for the benefit of another. [Citation.]" (*Nymark, supra,* 231 Cal.App.3d at p. 1092, fn. 1.)

Second, the allegations of a fiduciary duty fail because conclusory allegations do not establish a cause of action's accrual was delayed. (*Fox, supra,* 35 Cal.4th at p. 808.) At best, plaintiff's allegations show his broker acted as a dual agent and thus bore fiduciary duties to plaintiff and EquiFirst. However, such a dual agency did not create a fiduciary relationship between the broker's two principals.

An agent has a fiduciary duty to its principal, or principals, as the case may be, but plaintiff has cited no authority establishing a *principal* of a dual agent owes a fiduciary duty to the dual agent's other principal, and we have found none. A principal may be liable for his agent's fraud against the agent's other principal, but that liability would not arise under a theory of breach of a fiduciary duty. (See *Feckenscher v. Gamble* (1938) 12 Cal.2d 482, 497-498 [principal liable for damages suffered by dual agent's other principal on account of agent's false and fraudulent representations to other principal].)

Because plaintiff cannot allege EquiFirst owed him a fiduciary duty, he is not entitled to the discovery rule's exception for causes of action against fiduciaries. Accordingly, his first, third, fourth, fifth, and sixth causes of action are time-barred, as he pleaded facts showing he would have discovered the alleged misrepresentations at the time he executed the loan documents had he exercised reasonable diligence.

II

*Application of Section 2932.5 and Tender as a Prerequisite to Bring a Wrongful Foreclosure Action*

The ninth cause of action accused EquiFirst, BONY, and MERS of wrongful disclosure under section 2932.5. That statute authorizes an assignee to exercise a power of sale included in a mortgage only if the assignment is duly acknowledged and recorded. Plaintiff alleged no valid assignment of the deed of trust was ever recorded.

10

The trial court sustained the defendants' demurrers to this cause of action on two grounds: section 2932.5 applies only to mortgages, not deeds of trust; and plaintiff could not recover for irregularity in the sale proceeding without alleging he first tendered the debt he owed.

Plaintiff attacks only the trial court's second ground. However, the first ground is dispositive. "It has been established since 1908 that this statutory requirement that an assignment of the beneficial interest in a debt secured by real property must be recorded in order for the assignee to exercise the power of sale applies only to a mortgage and not to a deed of trust. . . . [¶] . . . [¶] The rule that section 2932.5 does not apply to deeds of trust is part of the law of real property in California." (*Calvo v. HSBC Bank USA, N.A.* (2011) 199 Cal.App.4th 118, 122, 123.) We affirm the court's sustaining of the demurrer against the ninth cause of action on this basis.

### III

*Claim for Wrongful Foreclosure under Section 2923.5*

Section 2923.5 in general requires a lender, before filing a notice of default, to contact the buyer, assess his financial situation, and explore his options for avoiding foreclosure. (§ 2923.5, subd. (a).) In his seventh cause of action, plaintiff alleged BONY and MERS violated this statute. However, plaintiff concedes, and the trial court held, that under the rule of *Mabry v. Superior Court* (2010) 185 Cal.App.4th 208, 214 (*Mabry*), the remedy for noncompliance with section 2923.5 is postponement of the foreclosure sale. Once a foreclosure sale has occurred, as is the case here, a borrower has no remedies under section 2923.5.

Plaintiff asks us to create an exception to the *Mabry* rule and hold he may state a cause of action under section 2923.5 even after the trustee sale has occurred if the sale occurred in violation of a court order. He asserts the sale of his residence occurred in violation of the temporary restraining order, which, he alleges, was not vacated until after the trustee sale when the court filed its formal order denying the order to show cause. He

11

offers no authority for his proposed holding. Rather, he claims we must reach his conclusion to prevent lenders from avoiding compliance with section 2923.5 by foreclosing and then invoking the *Mabry* rule. We cannot interpret the statute as plaintiff desires.

"Civil Code section 2923.5 does not provide for damages, or for setting aside a foreclosure sale, nor could it do so without running afoul of federal law, that is, the Home Owner's Loan Act (12 U.S.C. § 1641 et seq.; HOLA), and implementing regulations (12 C.F.R. § 560.2(b) (2011)). (See generally *Harris v. Wachovia Mortgage, FSB* (2010) 185 Cal.App.4th 1018, 1024-1026 [broad preemptive effect of HOLA regulations]; *Silvas v. E\*Trade Mortgage Corp.* (9th Cir. 2008) 514 F.3d 1001, 1004-1006.) The statute was 'carefully drafted to avoid bumping into federal law' regulating home loans. (*Mabry, supra,* 185 Cal.App.4th at p. 226.) As a result, the *sole* available remedy is 'more time' before a foreclosure sale occurs. (*Ibid.*) After the sale, the statute provides no relief. (*Mabry, supra,* at pp. 235-236; *Hamilton v. Greenwich Investors XXVI, LLC* (2011) 195 Cal.App.4th 1602, 1615-1617; *Phat Ngoc Nguyen v. Wells Fargo Bank, N.A.* (N.D.Cal. 2010) 749 F.Supp.2d 1022, 1033, 1035-1036.) Further, the statute does not – and legally could not – require the lender to modify the loan. (*Mabry, supra,* 185 Cal.App.4th at p. 214.)

"Plaintiffs do not discuss preemption. Therefore, we accept the view, stated in *Mabry* and other cases, that . . . section 2923.5 does not provide relief after a sale takes place." (*Stebley v. Litton Loan Servicing, LLP* (2011) 202 Cal.App.4th 522, 526, original italics, fn. omitted.)

Because plaintiff's sale has occurred, he cannot obtain any relief under section 2923.5. We thus do not discuss his claims for relief under section 2923.5 on the basis the sale allegedly occurred in violation of a court order.

12

DISPOSITION

The judgment is affirmed.  Costs on appeal are awarded to defendants EquiFirst, BONY, MERS, and Statebridge.  (Cal. Rules of Court, rule 8.278(a).)


            NICHOLSON      , J.


We concur:


      BLEASE        , Acting P. J.


      MAURO        , J.